**Elizabeth JENKEL, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health & Human Services, Defendant.**

**Civ. No. 2:92CV290 (AHN).**

United States District Court, D. Connecticut.

Jan. 26, 1994.

Walter R. Keenan, Center for Medicare Advocacy, Inc., South Windham, CT, for plaintiff.

Dierdre Anne Martini, Asst. U.S. Atty., Bridgeport, CT, for defendant.

NEVAS, District Judge.

After review and absent objection, the Magistrate Judge's Recommended Ruling is approved, adopted and ratified.

SO ORDERED.

## MAGISTRATE JUDGE'S OPINION

SMITH, United States Magistrate Judge.

Plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) & 1395ff(b) to review a decision of the Secretary of Health and Human Services (Secretary) denying her claim to benefits under Title XVIII of the Social Security Act. The following facts are not in dispute.

On June 11, 1988, plaintiff, who was then seventy-eight years old, was taken via ambulance to Waterbury Hospital after falling and injuring her back. The ambulance delivered her to the hospital's emergency room, which began treating her at 10:00 PM. X-rays and various other tests were ordered at 10:25 PM, and it was later determined that plaintiff had suffered a T6 compression fracture of the vertebra. Plaintiff was severely incapacitated by pain and was given an intramuscular administration of Demerol. Dr. Robert Cohen, who treated the plaintiff that night, stated:

> The patient was unable to move off the stretcher and completely incapacitated by her pain and because of the severity of the pain and the requirement for parental analgesia to control it, she was admitted to the hospital.

(Transcript of Record at 42 [hereinafter "Tr."]).

Plaintiff was admitted as an inpatient at Waterbury Hospital at 2:20 AM on June 12. (Tr. at 39).[1] While in the care of the hospital, she was treated with bedrest and parental Demerol, and, because her physician felt she could be "managed at Pomperaug Woods," she was discharged to that facility on June 14. (Tr. at 41). Plaintiff stayed at Pomperaug Woods from June 14 until June 25.

Plaintiff sought reimbursement for the expenses incurred for the services provided to her by Pomperaug Woods, a "skilled nursing facility" within the meaning of the Social Security Act. Coverage of these charges was denied by the fiscal intermediary, Blue

---

1. There is evidence in the record that the decision to admit the plaintiff to the hospital was made much earlier that morning. Notations on her emergency room chart made both at 12:15 AM and 1:45 AM indicate that plaintiff was "to be admitted." The chart also notes that plaintiff was "transferred" at 2:00 AM. (Tr. at 37).

Cross/Blue Shield of Connecticut, on April 9, 1990, because she did meet the pre-admission requirements set forth in the Secretary's Regulations. (Tr. at 24). Plaintiff sought review of this determination by an administrative law judge (ALJ), who upheld the determination of the fiscal intermediary. The Appeals Council declined to review the ALJ's decision, and plaintiff sought review in this court. The sole issue for determination is whether the plaintiff had a qualifying hospital stay.

## I. DISCUSSION

Under the Social Security Act, post-hospital extended care services are covered by Medicare hospital insurance if the patient is "transfer[red] from a hospital in which [s]he was an inpatient for not less than 3 consecutive days before [her] discharge from the hospital in connection which such transfer." 42 U.S.C. § 1395x(i). The Secretary's Regulations regarding coverage of post-hospital stays state that "[t]he beneficiary must—(1) Have been hospitalized ... for at least 3 consecutive calendar days, not counting the day of discharge." 42 C.F.R. § 409.30(a).

Plaintiff arrived at Waterbury Hospital on June 11, 1988. She was seen in the emergency room, treated, and subsequently admitted to the hospital. Despite the ALJ's several citations to the record regarding when the patient "formally" was admitted to the hospital, he does not challenge this basic sequence of events, which establishes a continuous course of care, beginning on June 11 and ending on June 14. In examining the record, it is remarkable that the treatment plaintiff received in the emergency room was essentially the same as the treatment she received as a "formal" inpatient. (*Compare* Tr. at 37 (intramuscular Demerol), *with* Tr. at 41 (bedrest and Demerol)). Indeed, it was plaintiff's severe pain and need for parental administration of medication that led to her being admitted to the hospital from the emergency room. (Tr. at 42). Neither her condition nor her course of treatment differed at the time of her "formal" admission to the hospital from the time of her admission to the emergency room.

The ALJ reasoned that, since "Congress elected to make no provision with regard to emergency room treatment or to specify when inpatient stay commences" (Tr. at 11), the plaintiff did not meet the three-day stay requirement. The proper focus, however, was not upon the perceived absence of a pertinent regulation, but upon the continuity of the plaintiff's treatment. Taking this into account, it is clear that plaintiff's hospital stay began on June 11, 1988, and that the hospital's later "formal admission" of the plaintiff was merely a *nunc pro tunc* ratification of her *de facto* admission at the time of her arrival in the emergency room. Plaintiff, therefore, was an inpatient in the hospital for three consecutive days excluding her June 14 date of discharge. She thus met the Secretary's pre-admission requirements for treatment at a skilled nursing facility, and her stay at Pomperaug Woods is covered.

## II. CONCLUSION

For the above mentioned reasons, the ALJ erred in his determination of plaintiff's claim for benefits, and his determination therefore should be reversed. Accordingly, the plaintiff's Motion for an Order Reversing the Decision of the Secretary (**filing 9**) should be **GRANTED,** the defendant's Motion to Affirm the Decision of the Secretary (**filing 7**) should be **DENIED,** and judgment should enter on behalf of the plaintiff.

Either party may seek review of this report and recommendation as provided in 28 U.S.C. § 636(b) (written objections to recommended ruling must be filed within 10 days of service of same); Fed.R.Civ.P. 6(a), 6(e), & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. Failure to object in a timely manner may preclude further review. *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir. 1989).

Dated at Hartford, Connecticut, this 21st day of December, 1993.